IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES E. McMANAMA,

        Plaintiff,

v.

STATE OF OREGON,

        Defendant.

Civil No. 04-1764-AS

FINDINGS AND RECOMMENDATION

CHARLES E. McMANAMA
525 NW 6th Avenue
Apartment 101
Estacada, OR 97023

    Plaintiff *Pro Se*

HARDY MYERS
Attorney General
SETH T. KARPINSKI
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Defendant

1 - FINDINGS AND RECOMMENDATION -

ASHMANSKAS, Magistrate Judge.

Plaintiff brings this civil action *pro se*. Currently before the court is Defendant's Motion to Dismiss (#6) the Complaint. For the reason that follow, Defendant's motion should be GRANTED, and this action should be DISMISSED, with prejudice.

## BACKGROUND

Plaintiff entitles his Complaint "denying the protection of the United States Constitution, Violation of the 'Separations of Powers Doctrine.'" In it, Plaintiff alleges he is filing pursuant to a "Notice of Intent to Sue" he issued within 30 days of the passage of Oregon Measure 37. Plaintiff goes on to allege judgment was entered against him in a state court case involving real property, and that he was unable to timely appeal the judgment. By way of remedy, Plaintiff seeks money damages in the amount of $150,000.

Defendant moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(B)(1) and (6). Defendant argues this court lacks subject matter jurisdiction over Plaintiff's claims against the State of Oregon pursuant to sovereign immunity, and that Plaintiff fails to state a claim upon which relief may be granted.

## **LEGAL STANDARDS**

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given

3 - FINDINGS AND RECOMMENDATION -

leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

## DISCUSSION

It is well established that absent waiver, the Eleventh Amendment bars a suit in federal court against a state. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 113 S.Ct. 684, 687 (1993); Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 239-41 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); see also Will v. Michigan Dep't. of State Police, 491 U.S. 58, 63-64, 71 (1989) (state is not a person within the meaning of § 1983). The nature of the prohibition is one of subject matter jurisdiction. Smith v. Avino, 91 F.3d 105, 107 (11th Cir. 1996).

Oregon has not consented to be sued in federal court or otherwise waived its immunity. Delong Corp. v. Oregon State Hwy Comm., 343 F.2d 911, 912 (9th Cir.), cert. denied 382 U.S. 877 (1965); see also Washington v. Penwell, 700 F.2d 570, 574 (9th Cir. 1983). Although the Oregon Tort Claims Act contains a general waiver of immunity, it does not contain an express consent to suit in federal court. See Ronwin v. Shapiro, 657 F.2d 1071, 1073-74 (9th Cir. 1981). Accordingly, to the extent Plaintiff seeks damages against the State of Oregon, this court lacks

4 - FINDINGS AND RECOMMENDATION -

subject matter, and Plaintiff's Complaint must be dismissed. Because it is clear the deficiencies of the Complaint cannot be cured by amendment, the dismissal should be with prejudice.

**RECOMMENDATION**

Based on the foregoing, I recommend that Defendant's Motion to Dismiss (#6) be GRANTED, and that Plaintiff's Complaint be DISMISSED, with prejudice. All other pending motions should be DENIED AS MOOT.

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due June 3, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement that date.

DATED this __13th__ day of May, 2005.

                          /s/Donald S. Ashmanskas
                            Donald C. Ashmanskas
                            United States Magistrate Judge